UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAMES F. JOHNSON,             :    Civil Action No. 06-2390 (NLH)
                             :
          Plaintiff,         :
                             :
          v.                 :    **OPINION**
                             :
CHAIRPERSON UNITED STATES    :
PAROLE COMMISSION, et al.,   :
                             :
          Defendants.        :

**APPEARANCES:**

James F. Johnson
3421 15 Street, S.E. #102
Washington, DC 20020

     *Pro se*

James B. Clark, III, Esquire
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07102

     *On behalf of Defendants*

**HILLMAN**, District Judge

     This matter has come before the Court on Plaintiff's motion
for "Judgment for Want of Prosecution" and Defendants' motion for
summary judgment.  For the reasons expressed below, Plaintiff's
motion will be denied, and Defendants' motion will be granted.

BACKGROUND

     In February 1976, Plaintiff, James Johnson, was convicted in
the District of Columbia for burglary while armed and rape of a
sixteen year old girl, and he was sentenced to a term of

imprisonment of no more than thirty years, but not less than six years.  Plaintiff was released on parole in 1981.  In the following years, Plaintiff was arrested, convicted, incarcerated, and re-paroled for various crimes and parole violations. Plaintiff is currently incarcerated.  Even though he was scheduled to be released in January 2007, the United States Parole Commission ("USPC") conducted a hearing to consider a charge of institutional misconduct brought against Plaintiff by the Bureau of Prisons.  As a result of that hearing, it was ordered that Plaintiff serve an additional twelve months in prison.  As of the date of the parties' submissions in relation to Defendants' motion, Plaintiff's expected release date is December 16, 2007.

Plaintiff has filed this declaratory judgment action requesting this Court to enjoin Defendants, Chairperson of USPC and two individual USPC employees, from ordering Plaintiff to register in the District of Columbia as a sex offender.[1] Plaintiff claims that because his thirty-year term of imprisonment expired in February 2006, and because the law was

_____

[1]Plaintiff asserts numerous other allegations in his complaint, but it is unclear to the Court exactly what injuries Plaintiff has sustained as a result of these allegations. Because the crux of Plaintiff's complaint, as it can best be deciphered by the Court, concerns the District of Columbia sex offender registration law, and because Plaintiff's only demand for damages and relief concerns the sex offender registration law, the Court considers that to be Plaintiff's only claim.

2

enacted after he was convicted, he should not be compelled to register according to the District of Columbia law.

Presently before the Court are two motions: (1) Plaintiff's "Motion for Judgment for Want of Prosecution," and (2) Defendants' motion for summary judgment pursuant to Federal Civil Procedure Rule 56.  They will be addressed in turn.

## DISCUSSION

### 1.    Plaintiff's Motion for Judgment for Want of Prosecution

Plaintiff has moved for "Judgment for Want of Prosecution" against Defendants, citing to Federal Civil Procedure Rule 55, which sets forth the standards and procedures for a party to seek and obtain a judgment by default.  It is unclear exactly why Plaintiff is seeking relief under Rule 55, but it appears that Plaintiff claims that he was informed by defense counsel that the defendants had not received a copy of, and had not been served with, Plaintiff's complaint.  It appears that Plaintiff is arguing that defense counsel's representation was untrue, and that the defendants failed to respond to Plaintiff's complaint in a timely manner.

Plaintiff's motion is without merit.  The docket reflects that Plaintiff executed summonses onto the individual defendants in January 2007, but he did not issue a summons onto the United States Attorneys' Office, which is required by Rule 4(i)(1) when

3

the United States is a defendant, until April 23, 2007. Plaintiff filed his motion approximately three weeks before he executed proper service of his complaint.  Even if the defendants were informally aware of his claims, until Plaintiff complied with the service rules, the defendants were not obligated to respond.

Additionally, obtaining a default judgment is a two-step process under Rule 55--first, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court, Fed. R. Civ. P. 55(a), and second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b). Even if the defendants did not respond in a timely manner, Plaintiff did not comply with Rule 55(a) by first obtaining a Clerk's entry of default prior to seeking a judgment by default. Consequently, Plaintiff's motion for "Judgment for Want of Prosecution" must be denied.

**2.   Defendants' Motion for Summary Judgment**

Plaintiff is seeking a declaratory judgment that he does not have to register as a sex offender in Washington, District of Columbia, as he claims the defendants mandated he do as a condition of his parole.  Defendants assert numerous arguments

4

for judgment in their favor, but they primarily assert that they are not the proper parties for a substantive challenge to the District of Columbia law.

The sex offender registration law that Plaintiff is apparently referring to is codified at Title 22, Subtitle III, Chapter 40 of the District of Columbia Code.  That law requires sex offenders who meet certain criteria as set forth by the code to register with the offender supervision agency.  See generally District of Columbia Code §§ 22-4001-4017.  A "sex offender" is defined as "a person who lives, resides, works, or attends school in the District of Columbia."  Id. § 22-4001.

The registration period starts when a sex offender has committed a registration offense--i.e., was convicted or found not guilty by reason of insanity of a registration offense, or was determined to be a sexual psychopath--and continues "until the expiration of any time being served on probation, parole, supervised release, conditional release, or convalescent leave, or 10 years after the sex offender is placed on probation, parole, supervised release, conditional release, or convalescent leave, or is unconditionally released from a correctional facility, prison, hospital or other place of confinement, whichever is latest."  Id. § 22-4002.  There are certain exceptions to this rule, and in some instances, registration is for a lifetime.  See id.  Additionally, the registration

requirement may be suspended "during any period of time in which a sex offender is detained, incarcerated, confined, civilly committed or hospitalized in a secure facility." Id.

In his complaint and opposition brief, Plaintiff argues that the District of Columbia sex offender registration requirement is not applicable to him.  Specifically, Plaintiff argues that when he is paroled, he should not have to register as a sex offender in the District of Columbia because his thirty-year term of imprisonment for his sex-related crime expired in February 2006, and because the law was not in effect when he was convicted in 1976.  Plaintiff's claim may or may not have substantive merit, but this is not for the Court to decide because Plaintiff lacks standing to bring such a claim.[2]

In order for the Court to be able to hear a plaintiff's claims, the plaintiff must have suffered an "injury in fact" as required by the "case and controversy" requirement of Article III.  In order to establish an injury in fact, a plaintiff must have suffered an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted).  Additionally,

_____

[2]Disputes over constitutional standing for purposes of Article III, Section 2 of the United States Constitution must be addressed before proceeding to the merits of a plaintiff's claims.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-102 (1998).

there must be a causal connection between the injury and the conduct complained of; that is, the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Id. (citations omitted). It must also be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision. Id. at 561. (citations omitted).

Here, Plaintiff does not have standing to bring his claim because he is only asserting a hypothetical injury. Plaintiff does not live, reside, work, or attend school in the District of Columbia. Thus, until he lives, resides, works, or attends school in the District of Columbia, he is not required to register with the District of Columbia sex offender registration office. Moreover, Plaintiff has not been paroled. Because he is still in prison, he has not been subjected to the registration requirement. Without being subjected to the registration requirement, he has not yet sustained any cognizable injury.

Additionally, even if he were paroled and subjected to the District of Columbia registration requirement, there is no causal connection between Plaintiff's alleged injury and the United States Parole Commission and its employees. These defendants did not draft or enact the District of Columbia law, and they do not enforce the law. The USPC simply includes in its standard

7

conditions of parole the language, "If you have been convicted of any sexual offense under District of Columbia or federal law . . ., you must report for registration with your state (including the District of Columbia) sex offender registration agency as directed by your Supervision Officer."  (Def.'s Br. at 11.) Informing a potential parolee about sex offender registration requirements does not cause Plaintiff his alleged injury--that is, it is the law itself that causes Plaintiff his alleged injury, not the defendants notifying Plaintiff about the law. Put another way, there is no causal connection between Plaintiff's claim and the defendants' conduct, because even if the Court were to hold that the District of Columbia sex offender registration law should not be applied to Plaintiff, this injury was not caused by these defendants, and it cannot be redressed by these defendants.

## **CONCLUSION**

For the reasons expressed above, Plaintiff's motion for "Judgment for Want of Prosecution" must be denied, and Defendants' motion for summary judgment must be granted.  An appropriate Order will issue.


Dated: November 7, 2007          s/ Noel L. Hillman

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

8